FILED by ___ D.C.
ELECTRONIC

Jan 26 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

## CASE NO.: 05-80807-CIV-COHN/SNOW

AIRTIME MANAGEMENT, INC.

      Plaintiff,

vs.

TIME TECHNOLOGIES, INC. and JOSEPH
BEKANICH, individually,

      Defendants.
_____/

## DEFENDANTS, TIME TECHNOLOGIES, INC.'S AND JOSEPH BEKANICH'S MOTION FOR PROTECTIVE ORDER

Defendants, Time Technologies, Inc. ("Time Tech") and Joseph Bekanich ("Bekanich"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 26(c) and other applicable federal and local rules, hereby move for a protective order, preventing the deposition of Bekanich from going forward on Monday, January 30, 2006, and state:[1]

1. The Defendants owe the Plaintiff documents responsive to their 74 document requests. The undersigned has not received the responsive documents from the Defendants, but anticipates that after receiving and reviewing the responsive documents and having them bate-stamped, the responsive documents will be produced within the next 7 days.

---

[1] The case pertains to Plaintiff, Airtime Management, Inc., a privately held corporation, suing Time Tech and Bekanich individually for intellectual property rights developed by Bekanich. At one time, Bekanich was an officer and member of the board of directors of Airtime Management, Inc. Bekanich currently is a principal of Time Tech.

2. Bekanich's deposition is currently scheduled for Monday, January 30, 2006. Thus, it is likely that the responsive documents will not be produced to the Plaintiff before the January 30, 2006, deposition.

3. On January 25, 2006, the undersigned spoke with Bradley J. Olsen, Esq., counsel for the Plaintiff, regarding the probability that he would not have the responsive documents before Bekanich's deposition. During this conversation, the undersigned broached whether Bekanich's deposition should be rescheduled to afford the Plaintiff an opportunity to review the responsive documents and enable them to prepare for Bekanich's deposition and eliminate any prejudice they might experience because of not having the responsive documents before January 30, 2006.

4. In response, Mr. Olsen was adamant that the Plaintiff wanted to proceed with Bekanich's deposition on January 30, 2006, and objected to said deposition being rescheduled, but noted that after receiving and reviewing the responsive documents, the Plaintiff will likely depose Bekanich again at a later date.

5. The Defendants move for the entry of a protective order to prevent the January 30, 2006, deposition from going forward until the Plaintiff has been afforded a reasonable amount of time to review the responsive documents, thereby eliminating the need to depose Bekanich twice.

## **MEMORANDUM OF LAW**

The Defendants recognize that their delay in producing the responsive documents arguably triggered the chain of events leading up to the filing of this Motion. Bekanich was diligent is gathering the documents responsive to 74 document requests but, unfortunately, was unable to produce the responsive documents timely. In fact, before the deadline for producing

2

the responsive documents, the Defendants requested an enlargement of time, recognizing that the daunting task of gathering documents responsive to 74 document requests would be problematic. The Plaintiff now wants to leverage the overwhelming task of responding to the document requests into an opportunity to depose Bekanich twice – once on January 30, 2006, and again after reviewing the responsive documents produced by the Defendants – rather than postpone the January 30, 2006, deposition to enable themselves an opportunity to review the responsive documents and eliminating the need for taking Bekanich's deposition twice. By proceeding with the January 30, 2006, deposition of Bekanich, it is almost certain that the parties will consume time and resources that would not otherwise be necessary to enable the Plaintiff to re-depose Bekanich for a second time. The Court should preclude the Plaintiff from causing such a waste of time and resources.

Instead, the Defendants urge the Court to permit Bekanich's deposition to occur after Plaintiff has reviewed the responsive documents to prevent the need for a second deposition. Neither party will be prejudiced if Bekanich's deposition is rescheduled for a later date. Further, the deadline for completing discovery is April 7, 2006, thereby providing ample time for rescheduling Bekanich's deposition.

In good faith, the undersigned spoke with Mr. Olsen, plaintiff's counsel, in an attempt to resolve the relief sought in this Motion without court intervention. Mr. Olsen opposes the relief sought in this motion and asked that his January 25, 2006, letter be attached as an exhibit to this Motion. *See* Exhibit 1.

3

WHEREFORE, Defendants respectfully request that this Court preclude the Plaintiff from deposition Bekanich on January 30, 2006.

Dated: January 26, 2006.

Respectfully submitted,

LOCKE LAW, P.A.
Attorneys for Defendants
P.O. Box 841035
Pembroke Pines, Florida 33084
(954) 382-8858
(954) 382-0908 facsimile

By: _____
Wendell T. Locke, For the Firm
Florida Bar No. 0119260
e-mail: wendell@lockefirm.com

4

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile, e-mail and U.S. Mail on January 26, 2006, to the following:

_____

Jeffrey M. Garber, Esq. (jgarber@boosecasey.com)
Boose Casey Ciklin et al.
Attorneys for Plaintiffs
515 North Flagler Drive – 18th Floor
West Palm Beach, FL 33401
(561) 832-5900
(561) 820-0389 facsimile

Gary M. Hoffman, Esq. (hoffmang@dsmo.com)
Bradley J. Olson, Esq. (olsonb@dsmo.com)
Dickstein Shapiro Morin & Oshinsky LLP
Attorneys for Plaintiffs
2101 L Street, N.W.
Washington, DC 20037
(202) 572-2684 direct
(202) 785-9700 main
(202) 887-0689 facsimile

5

# EXHIBIT 1

# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689

Writer's Direct Dial: (202) 572-2684
E-Mail Address: OlsonB@dsmo.com

January 25, 2006

**VIA FACSIMILE & FIRST CLASS MAIL**

Wendell T. Locke, Esq.
Locke Law, P.A.
P.O. Box 841035
Pembroke Pines, FL 33084

Re:   *Airtime v. Joseph Bekanich and Time Technologies, Inc.*, CIV-05-80807
      Our Reference: B6225.0001

Dear Mr. Locke:

This is a memorialization of our conversation today in which you called me shortly after 2:00 p.m. (EST) to inform me that you had spoken to your client, Joseph Bekanich, and had been informed by him that some documents would be produced to you for your review "soon." I informed you that even if you do in fact produce some responsive documents to us on Thursday or Friday of this week, it will not obviate our position that we have been prejudiced in our complete preparation for Mr. Bekanich's deposition scheduled for Monday, January 30, 2006, nor will it change our position stated in our pending motions to compel.

I also clearly stated today that we are scheduled to take the deposition of Mr. Bekanich on January 30, 2006 and that we had served you with a Notice of the Deposition of Mr. Bekanich on **December 12, 2005**. We also served you with Airtime's First Set of Requests for the Production and Things on **December 2, 2005**. Almost eight (8) weeks have transpired since we served you with our document requests and we still have not received a single page in fulfillment of your obligations under the federal and local rules. You have had over six (6) weeks to prepare Mr. Bekanich for his deposition.

You stated to me that it "did not make sense" to potentially produce Mr. Bekanich for a second deposition in the future if the yet-unseen promised production of defendants documents does not satisfy our deposition preparation efforts. I indicated that as I have not received any responsive documents from defendants to date, I cannot state whether we will seek another deposition of Mr. Bekanich or not. I clearly stated that we do not agree to any rescheduling, or even taking such a suggestion under advisement of the rescheduling, of Mr. Bekanich's deposition set for January 30, 2006. We intend to be at your offices as noticed, on Monday, January 30, 2006, for the deposition of Mr. Bekanich unless such deposition is terminated by the unilateral action of defendants.

1177 Avenue of the Americas • New York, NY 10036-2714 • Tel (212) 835-1400 • Fax (212) 997-9880
10866 Wilshire Boulevard • Suite 300 • Los Angeles, CA 90024-4350 • Tel (310) 441-8460 • Fax (310) 441-8470
DSMDB.2035246.1                           www.DicksteinShapiro.com

Wendell T. Locke, Esq.
January 25, 2006
Page 2

      You indicated that you would get back to me today to inform me as to whether you were filing a motion for a protective order to prevent the deposition of Mr. Bekanich from going forward on January 30, 2006. If in fact you do file a motion for a protective order to prevent the deposition of Mr. Bekanich on January 30, 2006, please extend us the courtesy of filing this letter as an attachment to your motion.

                                      Very truly yours,

                                      Bradley J. Olson

BJO/dtg