UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80807-Civ-COHN/SNOW

AIRTIME MANAGEMENT, INC.,

    Plaintiff,

v.

TIME TECHNOLOGIES, INC., and
JOSEPH BEKANICH,

    Defendants.
_____/



**ORDER**

THIS CAUSE is before the Court on the Plaintiff's Amended Omnibus Motion to Compel Discovery Responses Pursuant to Rule 37, Fed.R.Civ.P. (Docket Entry 27), which was referred to United States Magistrate Judge Lurana S. Snow. The plaintiff sought better responses to interrogatories 3, 4, 5, 6, 7 and 8, and production of all of the documents responsive to the requests for production.

Thereafter the defendants produced 654 documents. Their response to the motion to compel suggests that certain unidentified categories of documents do not exist and thus cannot be produced. They assert, without citation to legal authority, that the short responses to the interrogatories were cured by the deposition of defendant Bekanich, and that the motion to compel now is moot.

The plaintiff's reply[1] contends that the production was more than a month late. Mr. Bekanich failed to bring the requested

---

[1] The reply was filed electronically, and refers to sealed exhibits which were not filed with the Court in the manner required by Local Rule 5.4.

documents to his January 30, 2006, deposition. He did not produce any documents until February 8, thus precluding deposition questions based on the documents. The defendants did not produce any documents in response to requests numbered 2-29 and 31-62. Their response to the motion to compel does not attempt to support their objections to production. The plaintiff asks the Court to order supplemental responses to the interrogatories, document production for requests 2-29, 31-62 and a supplemental full-day deposition of Mr. Bekanich after the documents have been produced.

The Court finds that the deposition of Mr. Bekanich, individually, does not cure the deficiencies of the interrogatory responses by Time Technologies, Inc., and is not a substitute for proper interrogatory responses by Mr. Bekanich individually. <u>Guadagno v. Wallack Ader Levithan Assocs.</u>, 950 F.Supp. 1258, 1261 (S.D.N.Y. 1997), <u>aff'd</u>, 125 F.3d 844 (2d Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 1066 (1998). Accordingly, supplemental responses to the interrogatories must be served. Nor have the defendants made any attempt to support their various objections to requests for production. Since the plaintiff has already deposed Mr. Bekanich once, the Court will not require a supplemental full-day's worth of testimony once all of the documents have been produced. With the Court being advised, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED as follows:

1. The defendants shall, within ten days of the date of this Order, serve supplemental responses to interrogatories numbered 3 through 8.

2. The defendants shall, within ten days of the date of this Order, produce documents responsive to requests numbered 2-29 and 31-62.

3. Defendant Joseph Bekanich shall be available, on three days' notice, for a four-hour deposition within ten days after the supplemental document production.

4. The request for sanctions is DENIED. The defendants are on notice that failure to comply with this Order may result in the imposition of sanctions.

DONE AND ORDERED at Fort Lauderdale, Florida, this 3rd day of March, 2006.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
Jeffrey Garber, Esq. (P and Local Counsel for Hoffman, Olson and Veytsman)
Gary Hoffman, Esq. (P)
Bradley Olson, Esq. (P)
Pter Veytsman, Esq. (P)
Wendell Locke, Esq. (Ds and Local Counsel for Selingo)
David Selingo, Esq. (Ds)